IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| OSCAR KING,<br>Institutional ID No 1931044,<br>SID No. 07792483,<br>Previous TDCJ Nos. 1646104, 1735194,<br><br>Plaintiff,<br><br>V.<br><br>OLIVER VASQUEZ, Lieutenant,<br>Smith Unit, *et al.*,<br><br>Defendant(s). | CIVIL ACTION NO.<br>5:16-CV-027-BQ<br>ECF |

## **REPORT AND RECOMMENDATION**

### I.    **Procedural History**

Plaintiff, Oscar King, filed this civil rights action *in forma pauperis* on February 3, 2016, complaining of actions by officials at the Texas Department of Criminal Justice's (TDCJ) Preston E. Smith Unit in Lamesa, Texas. His Complaint stems from an incident where a 10-man Emergency Response Team (ERT), under the direction of Lieutenant Oliver Vasquez and Sergeant Alcario Garcia, forcibly entered and removed King from his cell. King names Vasquez, Garcia, and three unidentified ERT members as Defendants. The United States District Court reassigned this case on February 26, 2016, to the United States Magistrate Judge for further proceedings. ECF No. 10. To date, King has not consented to proceed before the undersigned magistrate judge.

On September 21, 2016, the court entered an order requiring King to complete and return a questionnaire within thirty days from the date of the order. ECF No. 14. The questionnaire and order were returned as undeliverable because King had been released from prison. ECF No. 15. The district court's February 3, 2016, notice and instructions to King required him to notify the

1

court if his address changed. ECF No. 3. On October 17, 2016, King updated his address with the court. ECF No. 16. The questionnaire and order were re-mailed to King on October 18, and again instructed King that he had thirty days to answer. In the order to complete the questionnaire, the court admonished King that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of his entire complaint." ECF No. 14. As of January 3, 2017, King has not returned a completed questionnaire to the court. Because King has not completed and returned the questionnaire in a timely manner, the undersigned recommends dismissal of this case for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13-CV-114-C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (Cummings, J.) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

## II. Recommendation

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss King's Complaint for want of prosecution.

## III. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

2

specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 3, 2017

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE